IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mark J. McGory                            Case No. 3:10CV1758

         Plaintiff

         v.                                       **ORDER**

BAC Home Loan Servicing, LP
     *et al.*,

         Defendants

Plaintiff Mark J. McGory filed this suit against defendants BAC Home Loans Servicing, LP (BAC-HLS) and Bank of New York (BONY). Pending is defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P 12(b)(1) and failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P 12(b)(6). [Doc. 15].

For the reasons that follow, the motion shall be granted.

**Background**

In May, 2006, McGory obtained two mortgage loans from Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender (AWL). McGory asserts that the terms of the loans differed from those in the Preliminary Disclosure Statement (PSD), which indicated he was to get one loan for the total amount at a certain interest rate. At time of closing, he signed two notes resulting in a higher overall interest rate.

Both loans were secured by McGory's vacation property in Orlando, Florida. The first priority loan (first loan) was in the original principal amount of $300,000, and the second priority loan (second loan) was in the original principal amount of $60,000.

Both loans are serviced by BAC-HLS.

In April, 2010, McGory's counsel sent three letters to BAC-HLS requesting information and documentation related to the two loans. The first two letters, dated April 8, 2010, were nearly identical requests for each loan and contained statements identifying the letters as Qualified Written Requests (QWR) under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e) (RESPA).

In those letters, McGory's counsel sought extensive information and documentation related to the loans, including, *inter alia*, "certified copies of the Note and Security Agreement," "all endorsements," "all allonges," "all assignments," and "the transfer and delivery receipts held by the custodian showing the complete, unbroken chain of title." [Doc. 11-5].

The third letter, dated April 27, 2010 requested only the identification of the current holder and/or owner of the second loan.

In response to the request for information about the owner of the first loan, BAC-HLS identified BONY as the owner and provided its address. BAC-HLS, however, declined to produce the requested certified copies of the loan documents, stating that such documentation "goes beyond that which is available through a Qualified Written Request made under 12 U.S.C. § 2605[9(e)(1)](B)." [Doc. 11-7]

To the request for the identification of the owner of the second loan, BAC-HLS responded with a letter stating that Bank of America was the owner. It also provided Bank of America's address.

McGory filed an Amended Complaint seeking a determination of BAC-HLS' and BONY's rights in the two loans based on his suspicion that BAC-HLS did not accurately identify the owners of the two loans.

## Discussion

### I. Standard Review

Review of a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) requires a court to "accept as true all material factual allegations in the complaint." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Allegations in the complaint should be construed in favor of the pleader. *Id.* at 237.

A claim survives a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (internal citations omitted).

A complaint is insufficient "if it tenders naked assertions devoid of further factual enhancement." *Iqbal, supra,* 129 S. Ct. at 1949 (citing *Twombly*, supra, 550 U.S. at 557) (internal quotation omitted).

I must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). Plaintiff, however, must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly, supra*, 550 U.S. at 555; *see also Iqbal*, *supra,* 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## II. Subject Matter Jurisdiction

### A. Standing

Defendants argue that McGory lacks standing to pursue his RESPA claim because he has suffered no redressible injury. McGory asserts that he has been injured by BAC-HLS's violation of RESPA.

Standing is the determination of whether a specific person is the proper party to bring a matter to the court for adjudication. The Supreme Court has declared that "[i]n essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin,* 422 U.S. 490, 498 (1975).

The Supreme Court has identified three constitutional standing requirements which a plaintiff must allege:  1) actual or imminent injury; 2) the injury is fairly traceable to the defendant's conduct; and 3) a favorable federal court decision is likely to redress the injury. *E.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). Plaintiff has the burden of showing standing. *Id.* at 561-562.

McGory sent three letters to BAC requesting information regarding his loans. Specifically, McGory requested "all documents pertaining to the origination of [his] mortgage," [Doc. 11-5], as well as certified copies of the loan documents, allonges, assignments and transfer receipts.

McGory asserts that the letters were QWRs, and that BAC-HLS violated RESPA by failing to provide any endorsements or assignments substantiating its assertion that BONY owns the first loan.[1]

---

[1] BAC-HLS asserts, and McGory does not dispute, that second loan was a home equity line of credit. McGory argues that "although framed as a home equity line of credit, [the second loan]

RESPA requires a loan servicer such as BAC-HLS to respond timely to a QWR. 12 U.S.C. § 2605(e). Under § 2605(e)(1)(A), a QWR is a "written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan . . . ." Loan servicing means "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principle and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

McGory's requested documents fall into neither category and McGory has not alleged improper servicing. BAC-HLS told McGory that BONY was the owner of the first loan and Bank of America was the owner of the second loan. Responses to inquiries into receipt of scheduled payments or transmission to others do not encompass documents confirming ownership of the notes. *See, e.g., Thurman v. Barclays Capital Real Estate Corp*., 2011 WL 846441*4-5 (E.D. Cal. Mar. 7, 2011) (a request for loan origination documents is not a QWR); *Consumer Solutions Reo, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009) (the fact that § 2605(e) expressly imposes a duty on the loan servicer, not the owner, indicates a QWR is limited to issues of servicing, rather than validity); *MorEquity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 900-01 (N.D. Ill. 2000) (a letter seeking information about validity of a loan and mortgage documents, but making no inquiry as to the account balance or credit for periodic payments, did not relate to "servicing" and was thus not a QWR).

---

was actually only a 'piggy-back' loan fraudulently meant to earn Defendants more interest" and therefore should be subject to RESPA. [Doc. 19 at 8-9]. McGory cites no support for this argument. Pursuant to 24 CFR § 3500.21(e) the QWR provisions of RESPA apply only to requests concerning "mortgage servicing loans." The regulations, 24 CFR § 3500.21(a), exclude home equity lines of credit from the definition of "mortgage servicing loan." Thus McGory's request for documentation regarding the second loan would not qualify as a QWR even if it related to servicing.

Because BAC-HLS had no obligation to provide the additional information requested by McGory, McGory's assertion that he was injured by the alleged violation must fail.

As McGory has alleged no actual or imminent harm, he lacks standing and his claim must be dismissed.[2]

### B. Case or Controversy

Even if BAC-HLS had violated RESPA, I lack jurisdiction to grant McGory's claim for declaratory judgment and injunctive relief because no substantial controversy exists between the parties.

Generally, declaratory judgment actions are justiciable if "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

McGory contends a justiciable controversy exists over whether BAC-HLS is acting as servicer for the true owner and holder of the first and second loans, and thus whether it is entitled to collect payments from McGory.

McGory's mere assertion of a strong likelihood that defendants are not the holders of the notes, and thus not entitled to enforce them, creates no justiciable case or controversy. BAC-HLS has brought no enforcement action against McGory; McGory, for his part, does not claim he does

---

[2] McGory's RESPA claim alleges only statutory damages, and fails to allege pecuniary loss from BAC-HLS' alleged violation. Even if McGory's letters were related to servicing, a mere allegation of failure to respond to a QWR does not support a RESPA claim—"plaintiffs must, at a minimum, also allege that the breach resulted in actual damages." *Anderson v. Barclays Capital Real Estate, Inc*., No. 9-2335, 2010 WL 2541807, at *6 (N.D. Ohio June 18, 2010); *see also Frazile v. EMC Mortg. Corp*., 382 F. App'x 833, 836 (11th Cir. 2010).

not owe the debt or BAC-HLS is not the properly authorized servicer. As to BONY, McGory simply asserts subjective uncertainty that the bank owns the loan.

Moreover, McGory bases his suspicion solely on BAC-HLS's refusal to provide the requested documentation and on an unrelated federal case. As noted, BAC-HLS properly declined to provide documentation. A court decision is not evidence of the facts McGory alleges.

McGory's contentions are speculative, do not give rise to a strong likelihood that the facts are as he contends, and fail to meet the plausibility standard of *Iqbal, supra*, 129 S. Ct. at 1949 and *Twombly, supra*, 550 U.S. at 557.

McGory presents no justiciable controversy. His request for declaratory relief and an injunction must be denied.

### III. FDCPA

McGory alleges that BAC-HLS, if it in fact misrepresented the owner of the loans, is liable under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, for making false or misleading statements in connection with the collection of the loans.

McGory's allegations do not establish a *prima facie* violation of the FDCPA.

The Act regulates only "debt collectors" within § 1692a(6). *Whittiker v. Deutsche Bank National Trust Co.*, 605 F. Supp. 2d 914, 938-39 (N.D. Ohio 2009). The term "debt collector" does not include persons who collect debt to the extent such activity concerns a debt that was either: 1) originated by such person; or 2) not in default when obtained by such person. 15 U.S.C. § 1692a(6)(F).

Where a debt was not in default when it was assigned, the Act's definition of debt collector thus does not include creditors, a mortgage servicing company, or any assignee of the debt. *Perry*

7

*v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *see also, Bridge v. Ocwen Fed. Bank*, 669 F. Supp. 2d 853, 857 (N.D. Ohio 2009) (citing 15 U.S.C. § 1692a(4), (6)).

McGory acknowledges that BAC-HLS is the servicer of his loans. He does not allege the loans are in default. BAC-HLS thus does not fall within the purview of the FDCPA, and accordingly this claim is dismissed.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT Defendant's motion to dismiss be, and it hereby is GRANTED.

So ordered.

/s/James G. Carr
Sr. U.S. District Judge